**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH S. MITCHELL,<br>　　　　　Plaintiff<br><br>　　v.<br><br>J. SAGE, KEVIN PIGOS, BROWN,<br>ANDREW EDINGER, S. DEES,<br>HOLZAPLE, J.E. THOMAS,<br>JOHN DOES 1-10, FEDERAL<br>BUREAU OF PRISONS and<br>UNITED STATES OF AMERICA,<br>　　　　　Defendants | No. 3:14cv905<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## **MEMORANDUM**

Plaintiff Joseph S. Mitchell is an inmate at the United States Penitentiary Lewisburg, Pennsylvania, ("USP-Lewisburg"). He filed the instant complaint in May 2014. The complaint alleges that prison officials have failed to provide him with adequate medical care and mental health treatment. Specifically, the prison failed to appropriately treat his mental disorders according to the plaintiff. For example, it discontinued his prescription for buprorion, an antidepressant medication. Plaintiff's complaint asserts a civil rights action for this alleged lack of medical care. He also asserts a tort claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

The case was assigned to Magistrate Judge Thomas M. Blewitt for pretrial management. Magistrate Judge Blewitt performed an initial

1

screening of the case pursuant to the section 1915(e)(2) of the Prison Litigation Reform Act of 1995.  Judge Blewitt issued a report and recommendation suggesting that several claims be dismissed with prejudice and several claims be dismissed without prejudice.  (Doc. 12). Plaintiff filed objections to the report and recommendation.  (Doc. 18).

After filing objections to the report and recommendation, the plaintiff filed a motion for temporary restraining order/motion for preliminary injunction, which is now before the court for disposition.  (Doc. 18).  The motion seeks the "micro-managing" of the medical care provided at the prison.  Plaintiff would like to have the court direct the defendants as to what care the defendant provides.  For example, he seeks specific medicine and treatment for his mental health disorders.  (Id. at 1-2).  For the following reasons, this motion for a temporary restraining order (hereinafter "TRO") will be denied.

**Jurisdiction**

As plaintiff brings this suit pursuant to the federal constitution and the Federal Tort Claims Act, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Legal Standard**

The law provides that an injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7, 24 (2008). The Third Circuit Court of Appeals has outlined four factors to consider in ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Crissman v. Dover Downs Entm't Inc., 239 F.3d 357, 364 (3d Cir. 2001). These same factors are used to determine a motion for a TRO. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

The above factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. Constructors Ass'n of W. Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir. 1978). The movant, here the plaintiff, bears the burden of establishing these elements. Adams

v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).  We will discuss these factors in turn.

**1. Likelihood of success on the merits**

Plaintiff has failed to establish the first element, that is, a likelihood of success on the merits.  Plaintiff alleges inadequate medical care.  Such a claim will give rise to a constitutional violation only where prison officials are deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners."  Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (citations omitted).   The records attached to plaintiff's complaint, demonstrate that the prison has been providing some sort of treatment to the plaintiff.[1]  Plaintiff, however, disagrees with the course of treatment provided by the prison.  Mere disagreement with the care provided by the prison is unlikely to give rise to a constitutional violation due to the great discretion allowed prisons in providing medical care to their inmates.[2]  Thus, at best, plaintiff's likelihood of success on

---

[1] We make no determination regarding the adequacy of the prison's treatment of the plaintiff at this time.

[2] It appears that the medication was discontinued after the plaintiff failed to appear three times to obtain his dose.  The doctor evidently determined that restarting the medication was inappropriate because the medication might adversely affect one of the plaintiff's mental disorders

4

the merits is unclear, and plaintiff has thus not shown likelihood of success on the merits.

**2.  Whether the movant will be irreparably injured**

The plaintiff has not established the second TRO factor, that is, that he will be irreparably injured if a TRO does not issue.  "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the only way of protecting the plaintiff from harm."  Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  The attachments to his complaint indicate that the prison has been treating him and it is not clear that he will be irreparably injured without being provided with the specific medication that he seeks.  Thus, plaintiff has not established that he will be irreparably harmed absent the issuance of a TRO.

**3. Greater harm to the nonmoving party**

The third factor is whether granting a TRO will cause more harm to the nonmoving party.  This factor is neutral in our analysis.  It is not clear,

---

and due to a lack of symptoms.  The doctor also noted that the plaintiff's cellmate was under suspicion of abuse of buproprion, the drug that the plaintiff sought. (Doc. 1-1 at 23, Health Services Administrative Note dated Nov. 18, 2013).

5

what harm if any, would happen to the defendants if they were ordered to provide the medicine to plaintiff that he seeks.

**4. Public interest**

The final factor is public interest.  We find that this factor weighs against granting a TRO.  It is arguably not in the public interest to have the courts micro-managing the medical care provided to prisoners.  The judicial system is not designed and does not have the resources to fulfill such a role.  Thus, plaintiff has not established that granting the TRO would be in the public interest.

**Conclusion**

Based upon an analysis of the relevant factors, we find that the motion for injunctive relief should be denied.  Plaintiff has not established likelihood of success on the merits, irreparable injury or that the granting of the injunction is in the public interest.  Accordingly, the motion will be denied.  An appropriate order follows.


**Date:   10/9/14**  　　　　　　　　　　　　　　　　**s/ James M. Munley**  
　　　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**  
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**