# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. MITCHELL, | : | No. 3:14cv905 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. SAGE, Chief Psychologist, USP-Lewisburg; KEVIN PIGOS, Doctor-Medical/Clinical Director, USP-Lewisburg; DOCTOR BROWN; DOCTOR ANDREW EDINGER; S. DEES, NREMT-P; HOLZAPLE, Associate Warden; J.E. THOMAS, Warden; JOHN DOES 1-10; FEDERAL BUREAU OF PRISONS; and UNITED STATES, Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation that suggests dismissing portions of plaintiff's complaint. Plaintiff has filed objections to the report and recommendation, and these matters are ripe for disposition.

**Background**

Plaintiff is a federal inmate currently confined at the United States Penitentiary, Lewisburg in Lewisburg, Pennsylvania (hereinafter "USP-Lewisburg" or "prison"). He filed the instant civil rights and negligence case on May 12, 2014. (Doc. 1, Compl.). Plaintiff complains that his

psychotropic medicine, Buproprion, was taken away from him although he suffers from mental health disorders including atypical mood disorder, atypical depressive disorder, borderline personality disorder and bipolar disorder. (Id. at 2-3). He asserts that the prison officials and medical staff at the prison have provided insufficient medical care. He asserts a civil rights cause of action, commonly referred to as a Bivens action, and a negligence cause of action.[1] We deem the negligence cause of action as a cause of action under the Federal Tort Claims Act (hereinafter "FTCA").[2] Plaintiff seeks $150,000 in compensatory damages and $95,000,000 in punitive damages. (Id. at 5).

The Clerk of Court assigned the case to Magistrate Judge Thomas M. Blewitt for pretrial management. Magistrate Judge Blewitt performed an initial screening of the complaint pursuant to 28 U.S.C § 1915(e)(2). He issued a report and recommendation (hereinafter "R&R") suggesting the following:

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971).

[2] See Alston v. Parker, 363 F.3d, 229, 234 (3d Cir. 2004) (stating that courts are to construe complaints so "as to do substantial justice," keeping in mind that *pro se* complaints in particular should be construed liberally).

1) Plaintiff's request for a specific amount of monetary damages be stricken from the complaint;

2) Plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice;

3) Defendants Dees, Holzaple, Thomas, the Federal Bureau of Prisons (hereinafter "BOP") and the United States be dismissed with prejudice with regard to the Bivens action;

4) Defendants Brown and Sage be dismissed from the Bivens action without prejudice;

5) Defendant United States be dismissed without prejudice from the Federal Tort Claims Act (hereinafter "FTCA") cause of action;

6) The negligence claims under the FCTA against Defendants Sage, Pigos, Brown, Edinger, Dees, Holzaple, Thomas, John Does 1-10 and the BOP be dismissed with prejudice;

7) Plaintiff's constitutional claim against Defendant's John Does 1-10 be dismissed without prejudice; and

8) Plaintiff's Eighth Amendment Bivens claim regarding denial of medical care against Defendants Pigos and Edinger be permitted to proceed.

(Doc. 12, R&R at 23-24).

Defendant filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

Because the plaintiff brings suit to vindicate his constitutional rights and under the FTCA, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

When no objections are filed to an R&R or to a portion of an R&R, in

4

deciding whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

The magistrate judge examined the case pursuant to the requirement that courts perform an initial screening of complaints filed by *pro se* prisoners who seeks to proceed *in forma pauperis.* 28 U.S.C. § 1915(e)(2). The standard the court applies under section 1915 is the same as the standard used for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

**Discussion**

**I. Plaintiff's objections**

Plaintiff raises seven objections to the R&R, and we shall address them in turn.

**1. Specific monetary damages**

As noted above, plaintiff seeks $150,000 in compensatory damages and $95,000,000 in punitive damages. The magistrate judge recommends striking from the complaint plaintiff's request for a specific amount of monetary damages. The magistrate judge bases his recommendation on Local Rule of Court 8.1, which provides that the complaint "shall not claim any specific sum where unliquidated damages are involved." The instant case deals with unliquidated damages, therefore, the magistrate judge

recommends striking this request.

Plaintiff objects to this recommendation on the basis that "Plaintiff's <u>Bivens</u> is under federal jurisdiction, and Federal Rules of Civil Procedures apply not local rules!!" (Doc. 16, Objections at 1). Plaintiff's objection lacks merit. The Federal Rules of Civil Procedure and the Local Rules both apply to his case. Rule 83 of the Federal Rules of Civil Procedure provides that a district court may "adopt and amend rules governing its practice. A local rule must be consistent with - - but not duplicate - - federal statutes and rules[.]" Here, the plaintiff cites to no rule or statute that is inconsistent with the local rule. Accordingly, the plaintiff's objection is without merit and will be overruled. We will strike from the complaint the request for specific monetary damages.

**2. Defendant Holzaple, Associate Warden & Defendant Thomas Warden**

The plaintiff's second objection deals with the R&R's recommendations involving Associate Warden Holzaple and Warden Thomas. We will address these separately.

**a. Defendant Holzaple, Associate Warden**

The R&R recommends dismissing Defendant Holzaple, the associate

7

warden at the prison, from the case with prejudice under both the Bivens action and the FTCA action. Plaintiff objects to his dismissal from the Bivens action.

With regard to the Bivens cause of action, the plaintiff alleges that "Defendant Holzaple failed to assist in Plaintiff['s] quest for appropriate mental health treatment although he actually responded to Plaintiff's request to staff." (Doc. 1, Compl. at 3). He further alleges that as the associate warden, Holzaple has the duty to direct staff to provide necessary and appropriate medical mental health care and treatment. (Id.)

A prison official cannot be held liable for a constitutional violation based on respondeat superior liability. That is, he cannot be held liable merely because he supervises the individual who caused the civil rights violation. Rather, personal involvement on the part of the official must be alleged. The magistrate judge suggests that Defendant Holzaple be dismissed with prejudice from the Bivens action because the plaintiff has not sufficiently pled personal involvement of Holzaple.

The plaintiff asserts that he provided several "requests to staff" and verbally expressed his views to Holzaple, thus he has asserted sufficient personal involvement. We disagree.

8

Personal involvement on the part of a prison supervisory official can be demonstrated where the supervisor "kn[ew] of the constitutional deprivation, participated in the deprivation or acquiesced to the wrongful conduct." Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988). Moreover, "receiving and failing to respond to a grievance sent by a prisoner is not sufficient to demonstrate personal involvement of a prison supervisor[.]" Mines v. Levi, Civ. No. 07-1739, 2009 WL 839011 at *6 (E.D. Pa. Mar. 26, 2009).

Here the R&R correctly suggests dismissing Defendant Holzaple. He is not alleged to have had any personal involvement regarding plaintiff's medical treatment except for receiving complaints or inmate requests from the plaintiff. Thus, this objection will be overruled.

**b. Defendant Thomas**

Plaintiff has also sued the Warden of USP-Lewisburg, Defendant Thomas. For similar reasons as Defendant Holzaple - that is, no alleged personal involvement - the magistrate judge recommends dismissing Defendant Thomas from this action. Plaintiff objects on the basis that Thomas had personal knowledge of the issue through a correspondence from the "Washington's Lawyers Committee". As set forth above, however,

9

"personal knowledge" is not the basis upon which a supervisory defendant may be held liable for a civil rights violation.  The defendant must have known of the constitutional deprivation and personally participated in it or acquiesced to it.  Here, plaintiff has not alleged such personal involvement.  Accordingly, the magistrate judge's R&R will be adopted on this point and the plaintiff's objections overruled.

**3.  Received no mental health treatment**

The next objection deals with whether the plaintiff has alleged that he received any mental health treatment at the prison.  The law provides that prison officials such as the defendant warden and associate warden, who are not doctors cannot "be considered deliberately indifferent simply because they failed to respond directly to medical complaints of a prisoner who was already being treated by the prison doctor."  <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993).  The R&R indicates that:  "Plaintiff readily admits and his Exhibits show that he was given medical care by the medical Defendants and he received attention for his mental conditions by these Defendants."  (Doc. 12, R&R at 18).  Because he received treatment from the medical personnel, the warden and associate warden, Thomas and Holzaple, cannot be held liable for an Eighth Amendment claim.

Plaintiff argues that he "did not in fact receive any treatment at all for his mental health illnesses at USP Lewisburg. His medication for those conditions were prescribed at another institution. Plaintiff was not actually treated while at USP-Lewisburg period." (Doc. 16, Objections, at 2). After a careful review, we agree with the magistrate judge and will overrule the objection.

The complaint and exhibits attached thereto indicate that USP-Lewisburg did provide medical treatment to the plaintiff.[3] Medical care he evidently disagreed with, but medical care nonetheless. Therefore, this objection is without merit and will be overruled.

## 4. Defendant Sage

---

[3]Exhibits attached to his complaint illustrate the BOP Health Services' dealings with the plaintiff. For example, Exhibit 5 is a "Clinical Encounter - Administrative Note". It indicates that the plaintiff was placed on suicide watch and refused to talk much but stated that he wants his pill line medication back. (Doc. 1-1, at 12). Exhibit 6 is an incident report that indicates that a prison medical care giver and the prison's chief psychologist when to speak with him. (Doc. 1-1, at 13). Exhibit 8 indicates that an evaluation was performed on the plaintiff on February 11, 2014. (Doc. 1-1, at 16). An administrative note designated as Exhibit 9 indicates that medical staff saw the plaintiff on September 17, 2013. (Doc. 1-1, at 18). Defendant Edinger provided counseling to the plaintiff on or about September 30, 2013. (Doc. 1-1, at 19). Also, Exhibit 11 indicates that on November 18, 2013, Dr. Edinger considered plaintiff's request to restart his buproprion medication. (Doc. 1-1, at 23).

Plaintiff's complaint also asserts claims against J. Sage, the Chief Psychologist at the prison. Specifically, the complaint alleges that Defendant Sage "failed to provide Plaintiff adequate mental health treatment," was "aware of Plaintiff's current diagnosis and his substantiated history of mental illnesses," and "chose to ignore the symptoms of [deterioration] and continued to be indifferent to his mental health needs." (Doc. 1, Compl. at 2).

The R&R suggests dismissing Sage without prejudice to the plaintiff filing an amended complaint and properly asserting the personal involvement of Sage in the alleged unconstitutional behavior. The R&R bases this recommendation on the assertion that plaintiff has not alleged with sufficient factual specificity that Defendant Sage denied medical care to the plaintiff, that is, that she personally participated in the decision to deny medical care. The exhibits indicate that Defendant Sage tried to speak to plaintiff when plaintiff was in the "suicide watch room" but left when plaintiff refused to wear a smock. Plaintiff then shouted threats at the medical staff. (Doc. 1-1 at 13).

We agree with the magistrate judge that the complaint does not allege sufficient personal involvement of Defendant Sage. Besides general

allegations, the complaint reveals through its exhibits only one encounter personally with Sage where she did not treat the plaintiff because plaintiff would not comply with her request to don a smock.

The recommendation that Defendant Sage be dismissed without prejudice will be adopted and the plaintiff's objection will be overruled.

## 5. Defendant Brown

The R&R next addresses Defendant Brown, a doctor at the prison. The complaint asserts that "Defendant Brown was quite aware of Plaintiff's complaint and failed to provide any medication or medical assistance whatsoever nor did he actually respond to Plaintiff's request to staff even to direct Plaintiff's course of actions." (Doc. 1, Compl. at 3). The Magistrate Judge notes that plaintiff fails to sufficiently allege how Defendant Brown denied Plaintiff medical treatment for his serious mental health conditions. Thus, the R&R recommends dismissing Brown without prejudice for failure to allege personal liability against him.

Plaintiff objects to this recommendation. He asserts that Brown was well aware of the issues set forth in the complaint and remained silent. As set forth above, however, mere knowledge is not sufficient to allege personal liability on a failure to provide sufficient medical care claim.

Accordingly, we will adopt the report and recommendation with regard to Defendant Brown.

**6. Defendant Dees**

A third medical defendant that plaintiff sues is an EMT, Defendant S. Dees. Plaintiff's complaint alleges that "Defendant Dees was actually aware of the dangers of Plaintiff's mental illnesses untreated and chose a course of action that will address her needs instead of the needs of Plaintiff." (Doc. 1, Compl. at 3). Dees evidently recommended the discontinuation of plaintiff's bupropion medication after plaintiff missed three doses.

The magistrate judge indicates that Dees could not stop the medication herself. The exhibits attached to the plaintiff complaint indicate that she could merely recommend to the medical director that it be discontinued. Dees did not take part in the final decision to discontinue the medication. Therefore, the R&R recommends dismissal of Dees for lack of personal involvement in discontinuation of the medicine. We disagree and will sustain the plaintiff's objections.

Dees had direct personal involvement with plaintiff. She recommended that the medicine be discontinued and plaintiff asserts that

she fabricated documents so as to harm him.  (Id.)  Thus, although she did not make the final decision to discontinue the medicine, she may have been in a position to improperly affect that decision.  Accordingly, we find sufficient allegations have been set forth against Dees for the claim against her to proceed at this point.  Plaintiff's objection with regard to Dees will, therefore, be sustained.

**7.  Defendant Edinger**

The R&R also discusses Defendant Doctor Andrew Edinger.  The Magistrate Judge concluded that plaintiff had sufficiently stated the personal involvement of Edinger in the alleged improper decision to discontinue plaintiff's medication.  (Doc. 12, R&R at 23).  Accordingly, the R&R recommends that plaintiff's Eighth Amendment claim against Edinger be allowed to proceed.

Plaintiff objects regarding Dr. Edinger.  The nature of plaintiff's objection, however, is unclear as the Magistrate Judge recommends the case proceeding against Edinger.  Accordingly, the objection will be overruled.

**II.  The remainder of the R&R**

Plaintiff does not object to the remainder of the recommendations in

15

the R&R.  As noted above, when no objections are filed to an R&R or to a portion of an R&R, in deciding whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

A review of the remaining recommendations reveals no plain error or manifest injustice.  Thus, they will be adopted.  These recommendations include the following: 1) Plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice; 2) Defendant United States be dismissed without prejudice from the Federal Tort Claims Act (hereinafter "FTCA") cause of action; 3) The negligence claims under the FCTA against Defendants Sage, Pigos, Brown, Edinger, Dees, Holzaple, Thomas, John Does 1-10 and the BOP be dismissed with prejudice; 4) Plaintiff's constitutional claim against Defendant's John Does 1-10 be dismissed without prejudice; and 5) Plaintiff's Eighth Amendment denial of medical care claim Bivens claim against Defendants Dees and Pigos be

permitted to proceed.  (Doc. 12, R&R at 23-24).

**Conclusion**

For the reasons set forth above, Magistrate Judge Blewitt's report and recommendation will be adopted, and the plaintiff's objections will be overruled.  An appropriate order follows.


**Date: October 30, 2014**         <u>s/ James M. Munley</u>
                                    **Judge James M. Munley**
                                    **UNITED STATES DISTRICT COURT**