### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. MITCHELL,    Plaintiff | : No. 3:14cv905 |
| v. | : (Judge Munley) |
| J. SAGE, ET AL.,    Defendants | : (Magistrate Judge Saporito) |

### MEMORANDUM

Plaintiff Joseph S. Mitchell is an inmate at the United States Penitentiary Lewisburg, Pennsylvania, ("USP-Lewisburg"). He filed the instant complaint in May 2014, alleging that prison officials have failed to provide him with adequate medical care and mental health treatment. Specifically, he asserts that the prison failed to appropriately treat his mental disorders. For example, it discontinued his prescription for buproprion, an antidepressant medication. Plaintiff's complaint sets forth a civil rights action for this alleged lack of medical care. The complaint also asserts a tort claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

The case was assigned to Magistrate Judge Thomas M. Blewitt for pretrial management. Magistrate Judge Blewitt performed an initial screening of the case pursuant to the section 1915(e)(2) of the Prison

Litigation Reform Act of 1995. Judge Blewitt issued a report and recommendation suggesting that several claims be dismissed with prejudice and several claims be dismissed without prejudice. (Doc. 12). Plaintiff filed objections to the report and recommendation. (Doc. 16).

After filing objections to the report and recommendation, the plaintiff filed a motion for temporary restraining order/motion for preliminary injunction. (Doc. 18). The motion sought the "micro-managing" of the medical care provided at the prison. Plaintiff asked the court to direct the defendants regarding the care they provide to the plaintiff. For example, he sought specific medicine and treatment for his mental health disorders. (Id. at 1-2). We denied the motion for a temporary restraining order (hereinafter "TRO"). (Doc. 21).

In February 2015, Magistrate Judge Joseph F. Saporito, Jr. was assigned to the case. Also in February 2015, we dismissed all claims from the case except for the plaintiff's Eighth Amendment denial of medical care claim against Defendants Dees, Pigos and Edinger. (Doc. 33). We remanded the case to Magistrate Judge Saporito for further pre-trial proceedings. In April 2015, the defendants moved for summary judgment. The plaintiff has not yet filed a brief in opposition to the motion. He has,

2

however, filed the instant motion, a document entitled "Motion Renewal Preliminary Injunction Temporary Restraining Order." (Doc. 46). This motion seeks to have us reconsider the denial of his motion for temporary restraining order. We will thus treat it as a motion for reconsideration.

**Jurisdiction**

As plaintiff brings this suit pursuant to the federal constitution and the Federal Tort Claims Act, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. A motion for reconsideration is not a proper

vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

Here plaintiff does not argue an intervening change in controlling law or the need to correct a clear error of law or to prevent a manifest injustice. Rather, plaintiff submits new evidence in support of his motion.  The evidence is in the form of declarations from various inmates who opine on the treatment the prison provides plaintiff for his mental health problems.  These new exhibits do not convince us to reconsider our previous opinion.

As we noted in our memorandum on the plaintiff's original motion for a TRO, the law provides that an injunction is an "extraordinary remedy" that is never awarded as of right.  Winter v. Natural Res. Def. Council, 555 U.S. 7, 24 (2008).  The Third Circuit Court of Appeals has outlined four factors to consider in ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary

relief will be in the public interest. <u>Crissman v. Dover Downs Entm't Inc.</u>, 239 F.3d 357, 364 (3d Cir. 2001).  These same factors are used to determine a motion for a TRO.  <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

The above factors merely "structure the inquiry" and no one element will necessarily determine the outcome.  The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits.  <u>Constructors Ass'n of W. Pa. v. Kreps</u>, 573 F.2d 811, 815 (3d Cir. 1978).  The movant, here the plaintiff, bears the burden of establishing these elements.  <u>Adams v. Freedom Forge Corp</u>., 204 F.3d 475, 486 (3d Cir. 2000).

After weighing these factors, we found the issuance of a TRO to be inappropriate.   The declarations now submitted by the plaintiff do nothing to alter this analysis.  The declarations may go the merits of the plaintiff's claim, but they do not convince us of a likelihood of success for the plaintiff. Additionally, plaintiff has not established irreparable injury or that the granting of the TRO would be in the public interest.  Thus, no reason exists for the court to reconsider its denial of the TRO.

Perhaps, plaintiff could use these declarations in opposition to the defendants' motion for summary judgment to convince the court that questions of fact exist.[1]  The declarations do not, however, justify the renewal or reconsideration of the plaintiff's TRO motion.

**Conclusion**

Plaintiff has not established any basis for us to reconsider our decision to deny his motion for preliminary injunction/TRO.  Accordingly, his "Motion Renewal Preliminary Injunction/Temporary Restraining Order" will be denied.  An appropriate order follows.

**Date: June 17, 2015**              <u>s/ James M. Munley</u>
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**

---

[1] As noted above, defendants filed a motion for summary judgment on April 23, 2015.  (Doc. 37).  Plaintiff's opposition brief is due June 26, 2015.  (Doc. 42).